STATE OF NORTH CAROLINA v. CHARLES McKINNEY

No. 735SC519

(Filed 8 August 1973)

1. Criminal Law § 99— questions by judge on voir dire — no error

    Questions put to a State's witness by the trial judge on *voir dire* for the purpose of clarifying the basis of the witness's identification of defendant did not constitute error.

2. Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis

    Trial judge's findings supported his conclusion that the identification of defendant was based upon the victim's observation of defendant immediately preceding the alleged robbery where the evidence tended to show that the witness was in defendant's presence for approximately twenty minutes at the crime scene, and the witness and defendant were the only people present so that the witness had ample opportunity to observe defendant.

**3. Criminal Law § 46— flight of defendant — instruction supported by evidence**

> Trial court properly instructed the jury on the flight of defendant where the evidence tended to show that the robbery was committed at 5:30 a.m., defendant was stopped by police officers shortly after 6:30 a.m. as he was driving a car some distance from the crime scene, defendant bolted from a police car and ran after he had agreed to accompany officers to the police station to answer questions, and officers were unable to apprehend defendant at that time; furthermore, where defendant did not object to the evidence at trial, he may not offer objection for the first time on appeal.

APPEAL from *Rouse, Judge,* at the 5 February 1973 Session of Superior Court held in NEW HANOVER County.

Defendant was charged in a bill of indictment with common law robbery. Upon defendant's plea of not guilty, the State presented evidence tending to show the following.

On 8 January 1972, Stacy Herring (Herring) was employed at the Farmer's Market on North Fourth Street in Wilmington, N. C. Between 5:00-5:30 a.m., at which time Herring was alone at the Farmer's Market, defendant came in the market, asked if a truck stop were nearby, and chatted with Herring for approximately 20 minutes. Defendant then bought a 15¢ cake and asked about a soda. As Herring was sitting in a chair talking to defendant, defendant "whirled around" and knocked Herring onto the cement floor. Defendant told Herring to "shut my mouth or he would kill me." Defendant took $70 out of Herring's side pocket and $120 out of his billfold. Herring described defendant as wearing a blue jacket and a pair of yellow and blue Coca-Cola pants. At trial Herring identified defendant as the robber.

J. D. Jordan, a sergeant with the North Carolina Department of Corrections drove past the Farmer's Market on his way to work at approximately 5:15 to 5:30 a.m. on the day in question, and noticed a red or burgundy 1965 or 1966 Chevrolet with a yellow or orange decal on the lefthand back window of the car parked on the side of the road near the Farmer's Market. Jordan drove past the market again at about 6:15 a.m. on that same day while carrying an inmate to be released. Jordan saw police cars at the Farmer's Market, stopped, and gave the vehicle description.

On the morning of 8 January 1972, two Wilmington police officers stopped a 1967 maroon Chevrolet with decals on the

back windows. The car was occupied by two men, defendant being the driver. Defendant was asked for his driver's license but did not produce it. Defendant and the other occupant agreed to accompany the police officers to the police station and answer a few questions. Defendant entered the police car and then bolted out the door and ran. Defendant was not apprehended at this time.

The owner of the 1967 maroon Chevrolet reported the car stolen on 8 January 1972. The owner remembered seeing defendant at the 500 Club in Wilmington in the early hours of 8 January 1972.

Defendant presented evidence which tended to show the following: That the Wilmington Coca-Cola Bottling Works, Inc., had no record of defendant's having been employed by them in the years 1970-1973; that Charles Preston Roberts was with defendant at about 6:00 a.m. on 8 January 1972 at the 500 Club in Wilmington; that at this time defendant was wearing a blue dungaree outfit, not a Coca-Cola uniform; that defendant gave Roberts and about 4 other people a ride home when they left the 500 Club; that defendant took the four other people home first; that Roberts and defendant were stopped by the police at about 6:30 a.m. on 8 January 1972 as defendant was taking Roberts home.

From a verdict of guilty of common law robbery and the imposition of an active prison sentence, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Richard L. Stanley for defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge examined the State's witness on voir dire. The primary purpose of the admonition against the trial judge asking questions of witnesses during a trial is to avoid the expression or intimation of an opinion to the jury. However, in this case the jury was not present and could not have been influenced in any way by the judge's questions. Obviously the trial judge may not become an advocate for either side in the trial of a case, but he may ask questions for the purpose of clarifying a witness' testimony. *See* 7 Strong, N. C. Index 2d, Trial § 10, p. 269. In the case presently before

us, the questions asked by the trial judge merely served to clarify the basis of the witness' identification of defendant. Defendant has failed to show an abuse of discretion, and we find no error in the manner in which the questions were propounded.

[2] Defendant has entered a broadside exception to the order of the trial judge which finds facts and concludes that the identification of defendant was independent of the lineup procedure, and, in addition, that the lineup procedure was not illegally suggestive. Defendant makes a broadside exception to the judgment but takes no exception to any particular finding of fact. Therefore, the only question presented is whether the facts found support the trial judge's conclusion. The State's witness was in defendant's company for approximately twenty minutes at the time of the alleged robbery. They were the only two people at the Farmer's Market at the time, and there is nothing in the record to support the contention that the witness did not have more than ample opportunity clearly to observe defendant while they were together. In our view, the findings of fact support the judge's conclusion that the identification of defendant is based upon the victim's observation of defendant immediately preceding the time of the alleged offense. This assignment of error is overruled.

[3] Defendant assigns as error that the trial judge instructed the jury that it could consider the evidence of defendant's flight after he was stopped by officers. Defendant does not contend that the substance of the instruction was incorrect, but only that the rule which applies to consideration of evidence of flight was not applicable in this case. The evidence in this case tends to show that the robbery was committed at about 5:30 a.m.; the officers broadcasted a report of the incident and a description of the car on the police radio at about 6:30 a.m.; the defendant was stopped by police officers shortly thereafter as he was driving the car some distance from the market; when asked to accompany the officers to the police station, defendant bolted from the police car and ran; and the officers were unable to apprehend him at that time. The evidence of defendant's flight was received without objection at trial, although defendant now undertakes to assign its admission as error. Defendant may not object for the first time on appeal to the admission of evidence at trial. We think the trial judge's instruction upon the consideration the jury might give to the evidence of defendant's flight was appropriate under the evidence before it. This assignment of error is overruled.

We have considered defendant's remaining assignments of error and in our opinion the rulings of the trial court which are complained of do not constitute prejudicial error.

No error.

Judges MORRIS and PARKER concur.