STATE OF NORTH CAROLINA v. CARL ROBERSON WILSON

No. 7417SC718

(Filed 2 October 1974)

1. **Crime Against Nature § 2— indefiniteness of physician's opinion — refusal to allow explanation — absence of prejudice**

　　In a prosecution for crime against nature, defendant was not prejudiced by the court's refusal to allow the physician who examined the eight-year-old victim to give an explanation for being unable to reach a definite opinion as to whether penetration of the victim's rectum had occurred since the physician's answer could not have added anything to the testimony he was permitted to give.

2. **Criminal Law § 46— instruction on flight — supporting evidence**

　　In a prosecution for crime against nature, the court's instruction on flight was supported by evidence that defendant was called and · told by his cousin that he was accused of molesting an eight-year-old child, that defendant stated he would "be up there" as soon as he

could get there, that defendant never arrived nor communicated with his accusers, and that later efforts to locate him were unsuccessful.

APPEAL by defendant from *Rousseau, Judge,* 1 April 1974 Session of Superior Court held in ROCKINGHAM County.

Defendant was indicted for committing a crime against nature. The act complained of was anal intercourse with an eight-year-old boy. The jury returned a verdict of guilty, and the court entered judgment imposing prison sentence of ten years. Defendant appealed.

*Attorney General James H. Carson, Jr., by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Gwyn, Gwyn & Morgan, by Melzer A. Morgan, Jr., for defendant appellant.*

BRITT, Judge.

[1]  Defendant assigns as error the refusal of the trial court to allow the physician who examined the child several hours after the alleged crime had taken place to give an explanation for being unable to reach a *definite* opinion as to whether penetration had occurred. The assignment is without merit.

The physician's testimony tended to show: There was a slight reddening or irritation in the child's rectal area; there was no bruising, no tearing, no cuts or bleeding and no sperm was found. There was some stool smeared around the rectum. The reddening could have been caused from not washing or could have been caused by a slight penetration or attempt to penetrate.

The physician, called as a witness by defendant, was asked several times to explain why he did not have an opinion regarding penetration; upon objections by the State, the court did not allow the explanation. We fail to see how the physician's answer to the question could have added anything to the testimony he was allowed to provide. This being so, the defendant was in no way prejudiced.

[2]  Defendant's second assignment of error is that the trial judge should not have instructed the jury on the question of flight since there was insufficient evidence to support such an instruction. The evidence tended to show: Defendant was called by his cousin and told that he had been accused of molesting

an eight-year-old child and to come and "get it straightened out." Defendant advised that he would "be up there" as soon as he could get there; he never arrived nor communicated with his accusers. Later efforts to locate him were unsuccessful. We hold that the evidence was sufficient to support the court's instruction with respect to flight.

We have reviewed the record and briefs with respect to the remaining assignments of error and find that they too are without merit.

No error.

Judges HEDRICK and BALEY concur.