STATE OF NORTH CAROLINA v. MITCHELL A. PARKER

No. 7916SC625

(Filed 19 February 1980)

1. **Criminal Law § 89.7— cross-examination about psychiatric care—impeachment**

    The trial court in a rape case did not err in permitting the prosecutor to ask defendant on cross-examination whether he had ever received any psychiatric treatment since the question was competent for the purpose of impeachment.

2. **Criminal Law § 46— defendant's actions after crime—competency as evidence of flight**

    In this rape prosecution, evidence that defendant left the scene of the incident and went to his dormitory room and that he attempted to evade the arresting officers and was uncooperative when they went to his room more than an hour after the rape occurred was properly admitted as bearing upon the issue of his guilt of the rape charge.

3. **Rape § 5— second degree rape—sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for second degree rape where the prosecutrix testified that a male forced his way into her dormitory room and had sexual intercourse with her against her will; a witness testified that he fought with defendant as defendant attempted to flee from the prosecutrix's room; and police officers testified that they apprehended defendant in his dormitory room where he appeared to be hiding and that he refused to cooperate with them.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 9 February 1979 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 28 November 1979.

Defendant was indicted on charges of second degree rape, assault with a deadly weapon with intent to kill inflicting serious bodily injury, and assault on a police officer. Upon the State's motion, the first two charges were consolidated for trial. The charge of assault on a police officer was tried separately.

Evidence presented by the State at trial tended to show the following: On 18 June 1977 defendant, a student, approached the prosecutrix at the door to her room in a college dormitory and forced his way into her room. Resisting her attempts to escape, defendant had sexual intercourse with her against her will. Upon hearing other students outside the dormitory room, defendant fled. Defendant was confronted by a fellow student, Frankie McLaurin, who tried to prevent defendant's flight, and after a brief struggle, defendant escaped. Defendant was later arrested by police officers in his dormitory room where he was apparently hiding.

Defendant presented medical evidence showing no presence of sperm on the body or clothing of the prosecuting witness, and that she had no scratches or bruises which would indicate a struggle. Defendant himself testified that he was near the prosecuting witness's room on the night in question; that she approached him and asked him to come into her room and talk with her; that shortly thereafter she began to scream, and left the room; and that he attempted to leave the room but was attacked by McLaurin. Defendant denied ever forcing the prosecuting witness to have sexual intercourse with him.

The jury found defendant not guilty of assault with a deadly weapon with intent to kill inflicting serious bodily injury. Defendant was found guilty of second degree rape, and appealed from the judgment entered on the verdict, sentencing him to a prison term of not less than 12 nor more than 30 years.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Gordon and Horne, by John H. Horne, Jr., for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant assigns error to the court's ruling allowing the prosecutor to question defendant concerning his previous psychiatric treatment. The prosecutor asked defendant: "Mr. Parker, have you ever received any psychiatric treatment prior to today, Sir?", to which defendant replied that he had undergone an examination at the request of his attorney to determine his abili-

ty to stand trial but had not undergone any psychiatric treatment or evaluation at any other time. Defendant argues that the State had already obtained information concerning a psychiatric evaluation of defendant, and that the prosecutor's questions were asked for the sole purpose of inflaming the minds of the jury. He contends that the question was improper because his mental capacity to stand trial was not at issue, and there was no claim of a defense of insanity. From our review, we conclude that this evidence was relevant for the purposes of impeachment and that the question was properly allowed.

"A witness, including a defendant in a criminal action, is subject to being impeached or discredited by cross-examination," *State v. Waddell*, 289 N.C. 19, 26, 220 S.E. 2d 293, 298 (1975), *death sentence vacated*, 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3211 (1976), and the scope of the cross-examination is not confined to matters brought out on direct examination but may extend to any matters relevant to the case. *State v. Brown*, 20 N.C. App. 71, 200 S.E. 2d 666 (1973), *cert. denied*, 284 N.C. 617, 202 S.E. 2d 274 (1974). The scope of such cross-examination is largely within the discretion of the trial judge. *State v. Ruof*, 296 N.C. 623, 252 S.E. 2d 720 (1979). A judge's ruling as to whether cross-examination "transcends propriety" will not be disturbed absent a showing of gross abuse of discretion, *State v. Ruof*, supra, or a showing that the jury verdict was improperly influenced thereby. *State v. McPherson*, 276 N.C. 482, 172 S.E. 2d 50 (1970). It is a broadly accepted rule that in determining the credibility of a witness or the weight to be accorded his testimony, regard may be had to his mental condition. *See generally* 81 Am. Jur. 2d *Witnesses* § 540 (1976). In this regard, it has been held that a witness may be impeached by questions as to his mental state. *E.G., State v. Conrad*, 275 N.C. 342, 168 S.E. 2d 39 (1969); *Moyle v. Hopkins*, 222 N.C. 33, 21 S.E. 2d 826 (1942). Notwithstanding a prior determination of a witness's competency to testify, a showing of mental deficiency is relevant to the credibility of the witness. In *State v. Witherspoon*, 210 N.C. 647, 649, 188 S.E. 111, 112 (1936), our Supreme Court stated:

> [Competency and credibility] are not the same thing. A person may be a competent witness and yet not a credible one. Competency is a question for the court; credibility a matter for the jury.

We are aware of the decision in *State v. Summrell*, 13 N.C. App. 1, 185 S.E. 2d 241 (1971), *reviewed on other grounds*, 282 N.C. 157, 192 S.E. 2d 569 (1972), where defendant was charged with disorderly conduct, resisting arrest, and assault on an officer. This Court found no error in the trial court's sustaining the State's objections to questions asked by defendant's counsel on cross-examination of a State's witness, one of which was whether the witness had sometime previous to the incident for which he was charged visited a mental health clinic. The Court held that the questions called for "irrelevant and immaterial" testimony. In the present case wherein defendant was charged with rape, we do not reach the same conclusion, nor has defendant presented anything on appeal which would require that result. There is no abuse of discretion in the court's ruling on defendant's objection. Certainly there has been no showing that inquiry into the mental health of defendant was sufficiently prejudicial to require a new trial.

[2] In his next assignment of error defendant contends that the trial court erred by allowing testimony concerning his behavior and his resisting arrest when approached by police officers more than an hour after the alleged rape occurred. Evidence presented by the State revealed that after the incident with the prosecuting witness defendant returned to his dormitory room and refused to cooperate with police officers who subsequently arrived. Although the evidence does not concern the immediate circumstances surrounding the alleged rape, we reject defendant's argument that the evidence is irrelevant to the rape charge and was introduced solely to prejudice defendant.

It is our opinion that this evidence was properly admitted as bearing upon the issue of guilt to the rape charge, as well as the assault offense. "North Carolina has long followed the rule that an accused's flight from a crime shortly after its commission is admissible as evidence of guilt." *State v. Self*, 280 N.C. 665, 672, 187 S.E. 2d 93, 97 (1972). "[S]uch evidence does not create a presumption of guilt, but may be considered with other facts and circumstances in determining whether all the circumstances amount to an admission of guilt or reflect a consciousness of guilt." *State v. Lampkins*, 283 N.C. 520, 523, 196 S.E. 2d 697, 698 (1973). It having been established that defendant left the scene of the incident and later attempted to evade arresting officers, it was for the

jury to determine whether those facts, together with the surrounding circumstances, evidenced defendant's guilt of the offenses charged.

[3] Finally, defendant argues that the trial court erred by denying his motion to dismiss at the close of the State's evidence and at the close of all the evidence. Upon review of a motion to dismiss in a criminal case, the court must consider all the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. McKinney,* 288 N.C. 113, 215 S.E. 2d 578 (1975). If the court determines that there is sufficient evidence, direct or circumstantial, from which a reasonable inference of the defendant's guilt may be drawn, it must deny defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of defendant's innocence. *State v. McKinney, supra; State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). In the present case, the prosecuting witness testified that a male forced his way into her room and had sexual intercourse with her against her will. Frankie McLaurin testified that he fought with defendant as he was attempting to flee from the room. Police officers testified that they apprehended defendant in his dormitory room where he appeared to be hiding, and that he refused to cooperate with them. Even though defendant offered certain contradictory evidence, the trial judge nevertheless properly submitted the case to the jury. At this point, "it is *solely* for the jury to determine whether the facts taken singly or in combination satisfy them beyond a reasonable doubt that the defendant is in fact guilty." *State v. Smith, supra,* 40 N.C. App. at 79, 252 S.E. 2d at 540. We must, therefore, overrule defendant's assignment of error.

In the trial of this case, we find

No error.

Judges PARKER and HILL concur.