STATE OF NORTH CAROLINA v. ARCHIE RAY MASH

No. 65A81

(Filed 3 March 1982)

Criminal Law § 46.1— flight of defendant—competency of evidence concerning

The trial court did not err in admitting evidence of defendant's flight where the evidence tended to show that, after having been given his *Miranda* warnings, defendant left the sheriff's office on the pretext of telling his brother that he would be detained awhile; that defendant did not return to the sheriff's office, but left the scene in his truck at a high rate of speed pursued by deputies with blue lights flashing; and that upon abandoning his truck, defendant led law enforcement officials and a bloodhound on a seven hour foot chase through the mountains of North Carolina. The fact that defendant did not flee for several days after the commission of the crime, and the fact that defendant had not been taken into custody or formally arrested before his hasty departure affected the weight and not the admissibility of the evidence.

APPEAL by defendant pursuant to G.S. 7A-27(a) from *Long, J.*, at the 17 February 1981 Criminal Session of WILKES County Superior Court.

Defendant was charged in a bill of indictment, proper in form, with the first-degree murder of Willard Ray Hamby. Defendant entered a plea of not guilty.

The State offered evidence tending to show that on 16 October 1980, Willard Ray Hamby was found dead from a single gunshot wound to the head at his combination residence and store. The State offered evidence through defendant's in-custody statement that a few days before 15 October 1980, defendant and Hamby had words over money allegedly owed by defendant to Hamby. According to defendant's statement, he took his rifle and fired into Hamby's dwelling on 15 October 1980 in order to "scare him." Defendant fired one shot and Hamby fell. Defendant entered Hamby's residence, saw that Hamby had been hit by the rifle shot, took some money out of Hamby's wallet, and left.

On 21 October 1980 law enforcement officials questioned defendant about the Hamby case. During the course of three meetings with law enforcement officials on that date, defendant allowed his rifle to be examined and talked to an S.B.I. agent for one to two hours.

On 22 October 1980 defendant appeared at the Ashe County Sheriff's Department to talk about the Hamby case. Upon being informed of his *Miranda* rights, defendant left the sheriff's office on the pretext of telling his brother that he would be detained awhile. Instead of returning to the sheriff's office, defendant left the scene in his truck at a high rate of speed. Sheriff's deputies pursued defendant with blue lights flashing, but defendant refused to stop and he abandoned his truck about ten miles from the sheriff's office. Defendant then led law enforcement officials and a bloodhound on a seven hour foot chase through the mountains before he was apprehended.

Defendant offered no evidence.

The trial court instructed the jury that they could consider defendant's actions of "flight" as evidence of "consciousness of guilt" of the crime charged.

The jury returned a verdict of guilty of first-degree murder on the theory of felony murder by discharging a firearm into occupied property. The trial court imposed a judgment of life imprisonment.

*Rufus L. Edmisten, Attorney General, by Donald W. Stephens, Assistant Attorney General, for the State.*

*Malcolm R. Hunter, Jr., Assistant Appellate Defender, for defendant.*

BRANCH, Chief Justice.

Defendant contends that the trial court erred by instructing the jury on "flight." He argues that he was not under arrest or in custody at the time he left the Sheriff's Department and that his actions could not be considered an "admission or show of consciousness of guilt" but rather were "insolubly ambiguous."

The well-settled rule in North Carolina is that evidence of flight of an accused may be admitted as some evidence of guilt. In *State v. Lampkins*, 283 N.C. 520, 196 S.E. 2d 697 (1973), we find the following:

> The rule in North Carolina is that flight of an accused may be admitted as some evidence of guilt. However, such evidence does not create a presumption of guilt, but may be considered with other facts and circumstances in determining whether all the circumstances amount to an admission of guilt or reflect a consciousness of guilt. Proof of flight, standing alone, is not sufficient to amount to an admission of guilt. An accused may explain admitted evidence of flight by showing other reasons for his departure or that there, in fact, had been no departure.

*Id.* at 523, 196 S.E. 2d at 698.

We have also held:

> An accused's flight is "universally conceded" to be admissible as evidence of consciousness of guilt and thus of guilt itself. . . . In North Carolina it has long been held that "[s]ubsequent acts, including flight . . . are competent on the question of guilt. [Citations omitted.] The basis of this rule is that a guilty conscience influences conduct." [Citations omitted.]

*State v. Jones*, 292 N.C. 513, 525, 234 S.E. 2d 555, 562 (1977).

Defendant's argument that the evidence of flight was incompetent because he had not been taken into custody or formal-

ly arrested before his hasty departure is without merit. The cases in which evidence of flight has been declared competent when the flight occurred before arrest or before the accused was in custody are legion. *State v. Jones, supra; State v. Montgomery*, 291 N.C. 91, 229 S.E. 2d 572 (1976); *State v. Self*, 280 N.C. 665, 187 S.E. 2d 93 (1972); *State v. Downey*, 253 N.C. 348, 117 S.E. 2d 39 (1960); *State v. Payne*, 213 N.C. 719, 197 S.E. 573 (1938); *State v. Bittings*, 206 N.C. 798, 175 S.E. 299 (1934); *State v. Parker*, 45 N.C. App. 276, 262 S.E. 2d 686 (1980); *State v. Wilson*, 23 N.C. App. 225, 208 S.E. 2d 393 (1974); *State v. McKinney*, 19 N.C. App. 177, 198 S.E. 2d 241 (1973); *State v. Kirby*, 7 N.C. App. 366, 172 S.E. 2d 93 (1970). *See also* 2 Stansbury's N.C. Evidence § 178 (Brandis rev. 1973) and the cases there cited.

Further, the fact that a defendant does not flee for several days after the commission of the crime charged affects the weight and not the admissibility of such evidence. *State v. Murvin*, 304 N.C. ---, 284 S.E. 2d 289 (1981).

Here after having been given his Miranda warnings, defendant's flight from law enforcement officers, by way of a speeding motor vehicle with officers in close pursuit followed by a seven hour trek across mountainous terrain with police officers and a bloodhound on his trail, presents a classic example of acts motivated by a "consciousness of guilt."

By his next assignment of error, defendant argues that this Court should adopt the "merger doctrine" to bar application of the felony-murder rule to homicides committed during the perpetration of the felony of discharging a firearm into occupied property. For the reasons stated in *State v. Wall*, ---¬ N.C. ---, --- S.E. 2d --- (1982), we decline to change the existing law.

We have carefully examined the entire record and find no error warranting that the verdict returned or the judgment imposed be disturbed.

No error.