STATE OF NORTH CAROLINA v. MICHAEL LYNN KILLIAN

No. 7825SC132

(Filed 18 July 1978)

1. Constitutional Law § 28; Burglary and Unlawful Breakings § 1; Larceny § 1—
   due process—equal protection—constitutionality of statutes

   G.S. 14-54, which makes it a felony to break or enter any building with in-
   tent to commit any felony or larceny therein, and G.S. 14-72, which makes
   larceny of property of the value of $200 or less a misdemeanor except in three
   instances, do not violate the equal protection or due process provisions of
   either the State or Federal Constitutions, since equal protection of the law is
   not denied by a statute prescribing the punishment to be inflicted on a person
   convicted of a crime unless it prescribes different punishment for the same
   acts committed under the same circumstances by persons in like situations,
   and these statutes meet this test because all persons who fall under the terms
   of the statutes are subject to the same sentence; and the challenged statutes
   are reasonably related to valid legislative goals and therefore meet the test of
   due process.

2. Criminal Law § 142.3— conditions for work release—restitution—supporting
   evidence required

   G.S. 148-33.2(c) and G.S. 15A-1343(b)(6) together require that any order or
   recommendation of the sentencing court for restitution or restoration to the
   aggrieved party as a condition of attaining work-release privileges must be
   supported by the evidence, and the sum ordered or recommended must be
   reasonably related to the damages incurred; in this prosecution for breaking or
   entering and larceny where the evidence tended to show that the victims'
   home was totally ransacked, dresser drawers were broken, and a gun and
   hunting knife were not recovered, such evidence supported restitution in the
   amount of $500 ordered by the court.

3. Criminal Law § 142.3— conditions for parole—sentencing court's recommenda-
   tions not mandatory

   The Parole Commission may, but is not required to, implement the recom-
   mendation of the sentencing court for restitution as a condition of parole. G.S.
   148-33.2(b).

4. Criminal Law § 142.3; Constitutional Law § 40— parole—condition that defend-
   ant reimburse State for court-appointed counsel

   Under the provisions of G.S. 148-33.1 the Department of Corrections may,
   but is not required to, make deductions from the earnings of a prisoner on
   work-release and pay to the sentencing court for reimbursement to the State
   the amount so ordered by the court to reimburse the State for attorney fees
   paid on behalf of said prisoner, and under the provisions of G.S. 15A-1374 the
   Parole Commission may, but is not required to, implement the recommenda-
   tion of the sentencing court and impose as a condition of parole that the
   prisoner reimburse the State for counsel fees.

APPEAL by defendant from *Baley, Judge.* Judgment entered 8 November, 1977, in Superior Court, CALDWELL County. Heard in the Court of Appeals 1 June 1978.

Defendant was convicted of (1) breaking or entering the dwelling of Anderson Dula on 10 February 1977, and (2) larceny of property pursuant thereto having a value of $535.00.

At trial defendant, by motion to dismiss under G.S. 15A-954, raised the constitutionality of G.S. 14-72(b)(2) and G.S. 14-54(a), the statutes he was charged with violating. The motion was denied.

For the State, Barbara Ann Killian testified that she was with defendant and Doyle Crisp on the morning of 10 February 1977, and saw them open a window, enter the Dula home, and bring out two pistols, a hunting knife and a pair of riding boots. Anderson Dula and his wife testified that their home was ransacked and identified a pair of boots and a pistol as their property which was missing after the break-in.

Defendant testified that he was not with Ms. Killian on the morning of 10 February, but did ride with her in her car that afternoon, and he saw the boots with a pistol in one of them.

Defendant appeals from judgment imposing concurrent sentences of three years as a regular youthful offender.

*Attorney General Edmisten by Special Deputy Attorney General W. A. Raney, Jr. for the State.*

*Tuttle and Thomas by Bryce O. Thomas, Jr. for defendant appellant.*

CLARK, Judge.

[1] The defendant attacks the constitutionality of G.S. 14-54(a) and G.S. 14-72(b)(2) on the ground that these statutes "allow a misdemeanor conviction under each Statute separately to bootstrap the other misdemeanor into a felony, the result being that two misdemeanors committed in concert bootstrap each other into two felony charges."

G.S. 14-54(a) makes it a felony to break or enter "any building with intent to commit any felony or larceny therein."

Under the 1969 amendment to G.S. 14-72 larceny of property of the value of two hundred dollars or less is a misdemeanor unless it is (1) from the person, or (2) from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57, or (3) the property is an explosive or incendiary device or substance.

At common law larceny was divided into two grades, both felonies: Grand larceny, which consisted of stealing goods above the value of twelve pence; and petit larceny, which was the theft of goods of less than that value. By statute North Carolina abolished the common law distinctions between grand and petit larceny. For a history of the larceny statute in this State, see *State v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91 (1962).

Except as limited by the State and Federal Constitutions, the General Assembly has the inherent power to define and punish any act as a crime, including the power to declare an act criminal irrespective of the intent of the doer thereof. *State v. Graham*, 32 N.C. App. 601, 233 S.E. 2d 615 (1977).

G.S. 14-54 and G.S. 14-72 do not violate the equal protection or due process provisions of either the State or Federal Constitutions, as contended by the defendant.

Equal protection of the law is not denied by a statute prescribing the punishment to be inflicted on a person convicted of a crime unless it prescribes different punishment for the same acts committed under the same circumstances by persons in like situations. *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970). The challenged statutes meet this test because all persons who fall under the terms of the statutes are subject to the same sentence.

Substantive due process is a guaranty against arbitrary legislation, demanding that the law shall not be unreasonable, arbitrary, or capricious, and that the law be substantially related to the valid object sought to be obtained. *State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320 (1975). We find that G.S. 14-54 and G.S. 14-72 are reasonably related to valid legislative goals. The legislature has determined that breaking or entering with intent to commit larceny is a more serious crime than breaking or entering without the intent to commit larceny or any felony, and that larceny committed pursuant to breaking or entering is more serious than sim-

ple larceny. The legislature was acting within its authority in designating these crimes as felonies and in fixing punishment commensurate with their serious nature.

We have examined and considered defendant's remaining assignments of error in light of the rule that a new trial will be granted only if the error is prejudicial or harmful, and not mere technical error which could not have affected the result. *State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham*, 30 N.C. App. 67, 226 S.E. 2d 387 (1976). We find no merit in these assignments of error.

The trial court, after imposing sentence, added in the judgment the following provision:

> "It is recommended in each of these counts, that at any time the defendant is considered for Work Release, Parole or any benefit the prison authorities impose or shall deem appropriate, that he pay into the office of the Clerk of Superior Court of Caldwell County the sum of $500.00 as restitution to Anderson Dula, Route 5 Box 94, Lenoir, N. C. and that he pay the sum of $250.00 as reimbursement to the State of North Carolina for Attorneys fee for the defendant's Court appointed Attorney."

The sentencing court is not only authorized but is required by G.S. 148-33.2(c), when an active sentence is imposed, to consider whether, as a further rehabilitative measure, restitution or restoration should be ordered or recommended to the Parole Commission and the Secretary of Correction to be imposed as a condition of attaining work-release privileges. If not ordered or recommended the court shall so indicate on the commitment. If so ordered or recommended, "it shall make its order or recommendation a part of the order committing the defendant to custody."

Further, the above statute requires that the order or recommendation shall be "in accordance with the applicable provisions of G.S. 15-199(10)." G.S. 15A-1343(b)(6) has supplanted G.S. 15-199(10), relates to one of the authorized conditions of probation, and in pertinent part, provides:

> "Make restitution or reparation for loss or injury resulting from the crime for which the defendant is convicted. When restitution or reparation is a condition of the

State v. Killian

sentence, the amount must be limited to that supported by the evidence. . . ."

[2]   Together the two statutes require that any order or recommendation of the sentencing court for restitution or restoration to the aggrieved party as a condition of attaining work-release privileges must be supported by the evidence. The purpose of the provisions is rehabilitation and not additional penalty or punishment, and the sum ordered or recommended must be reasonably related to the damages incurred. If the trial evidence does not support the amount ordered or recommended, then supporting evidence should be required in the sentencing hearing. In the case *sub judice*, there was evidence that the Anderson Dula home was "totally ransacked", dresser drawers were broken, and a gun and hunting knife were not recovered. We find that the evidence supports the restitution amount of $500.00 as found by the court.

[3]   It is noted that G.S. 148-33.2(b) provides that the Secretary and the Parole Commission are not bound by the recommendation of the sentencing court for restitution, "but if they elect not to implement the recommendation, they shall state in writing the reasons therefor, and shall forward the same to the sentencing court."

The trial court also recommended that restitution be made a condition of parole. The conditions of parole are set out in G.S. 15A-1374 which, in pertinent part, provides:

"(a) In General. — The Parole Commission may in its discretion impose conditions of parole it believes reasonably necessary to insure that the parolee will lead a law-abiding life or to assist him to do so. The Commission must provide as an express condition of every parole that the parolee not commit another crime during the period for which the parole remains subject to revocation. When the Commission releases a person on parole, it must give him a written statement of the conditions on which he is being released.

(b) Appropriate Conditions. — As conditions of parole, the Commission may require that the parolee comply with one or more of the following conditions:

        * * * *

(12) Satisfy other conditions reasonably related to his rehabilitation."

In the "Official Commentary" following this statute the following statement appears: "The provisions on conditions of parole are parallel to those on conditions of probation . . . ."

We conclude that the Parole Commission may, but is not required to, implement the recommendation of the sentencing court for restitution as a condition of parole.

The trial court further recommended as a condition for work-release or parole that the defendant reimburse the State for counsel fees in the sum of $250.00. Under the provisions of G.S. 148-33.1 the Department of Corrections is required to deduct from the earnings of a prisoner on work-release the cost of the prisoner's keep, retain to his credit such amount as seems necessary to accumulate a reasonable sum to be paid to him when he is paroled or discharged from prison, and make disbursements from any balance of his earnings "as may be found necessary" for the purpose, among others [subsection (f)(4)], "To comply with an order from any court of competent jurisdiction regarding the payment of an obligation of the prisoner in connection with any case before such court."

In *State v. Foust*, 13 N.C. App. 382, 185 S.E. 2d 718 (1972), it was held that a condition of probation requiring the defendant to reimburse the State for cost of court-appointed counsel does not infringe defendant's constitutional right to counsel. The same constitutional principles applied in that case to probation are also applicable to work-release and parole.

[4] We conclude that under the provisions of G.S. 148-33.1 the Department of Corrections may, but is not required to, make deductions from the earnings of a prisoner on work-release and pay to the sentencing court for reimbursement to the State the amount so ordered by the court to reimburse the State for attorney fees paid on behalf of said prisoner.

And we conclude that under the provisions of G.S. 15A-1374 the Parole Commission may, but is not required to, implement the recommendation of the sentencing court and impose as a condition of parole that the prisoner reimburse the State for counsel fees.

We find that the defendant had a fair trial free from prejudicial error, and that the court had the authority to include in its judgment the recommendations for restitution to the aggrieved party and for reimbursement to the State for counsel fees.

No error.

Chief Judge BROCK and Judge WEBB concur.