STATE OF NORTH CAROLINA v. JOSEPH DANIEL FENNELL

No. 805SC1055

(Filed 7 April 1981)

APPEAL by defendant from *Llewellyn, Judge.* Order entered 24 April 1980 in Superior Court, NEW HANOVER County. Heard in Court of Appeals 10 March 1981.

Defendant was charged in a proper bill of indictment with armed robbery. Upon defendant's plea of guilty, judgment was imposed on 22 April 1980 by Judge Llewellyn. On 23 April 1980, defendant filed a motion for appropriate relief seeking to withdraw his plea of guilty. This motion contained the following pertinent allegations:

a. That prior to and at the time of the entering of his plea of guilty and at the time of sentencing, he was scared and that this condition influenced and overwhelmed him to the extent that he entered a plea of guilty when in fact his knowing and intelligent choice would have been to enter a plea of not guilty.

b. That prior to and at the time of sentencing, he was unskilled in matters of law and that had he been skilled in matters of law, his knowing and intelligent choice would have been to plead not guilty.

c. That his attorney told him that it had been indicated to said attorney that he would likely receive a minimum sentence of approximately fifteen (15) years if he pleaded guilty to the charge of armed robbery and that in fact he received a minimum sentence of eighteen (18) years.

d. That he was advised by his attorney that there was a strong possibility or probability that he would receive a life sentence in the event he were tried by a jury and found guilty of the crime of armed robbery.

e. That he only has a ninth grade education and is deficient in his ability to read and write.

f. That he has been "rift-rafted."

g. That there are other matters which he may present to the Court at the hearing on this Motion and that the Defendant wishes to testify on his own behalf at such hearing.

Defendant also filed an affidavit in support of this motion, which repeated the pertinent allegations set out in the motion. After a closed hearing on the motion, Judge Llewellyn made the following findings:

1. That the Defendant was present in Court represented by MR. HERBERT SCOTT and MR. WILLIAM B. HARRIS, III.

2. That evidence was presented by the Defendant in the form of testimony of the Defendant-Petitioner.

3. That the Court had an opportunity to view the witness and weigh the credibility of the witness.

4. That the Defendant pled guilty to armed robbery on the 22nd day of April, 1980 before the undersigned Judge.

5. That the plea was given after a Transcript of Plea was taken from the Defendant under oath.

6. That after the answers were given to the questions on the Transcript of Plea, the Defendant was sworn as to his answers, which oath contained the affirmation that neither his lawyer or anyone else had told him to give false answers in order to have the court accept his plea, and that the Court heard the evidence presented by the State and by the Defendant. That the Court found a factual basis for the entry of the plea, that the Defendant was satisfied with his lawyer, and the plea was given understandingly, knowingly and voluntarily.

7. Upon further review of the Record, the Court finds that a transcript of the trial is not necessary for a proper determination of this matter.

8. That the Bill of Indictment upon which the Defendant pled guilty was valid.

9. That the Petitioner was represented by competent counsel, WILLIAM B. HARRIS, III, who afforded him effective representation throughout the proceedings.

10. That the Defendant, upon presentation of the evidence in the sentencing hearing, testified under oath that he entered the place of business which was robbed with a gun and ordered the employee located therein to hand over the money, forcing her to lie on the floor, took the money, exited the store, and upon exiting the store, fired a shot into the store.

11. That the Defendant was apprehended on the same evening in the same city, at which time a Llama .22 automatic pistol was found in his automobile, which automobile was desribed to the Police as the vehicle used in the armed robbery.

Judge Llewellyn then concluded that there was no factual basis for the allegations in defendant's motion and that defendant "had a fair and impartial trial and none of his constitutional or legal rights were denied or violated in any respect before, during, or after his plea." From an order denying defendant's motion for appropriate relief, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Newton, Harris & Shanklin, by William B. Harris III, for the defendant appellant.*

HEDRICK, Judge.

Although defendant stated in his motion for appropriate relief that it was made pursuant to G.S. §§ 15A-1414, 1415, he did not specify the grounds therefor. It appears from the allegations in his motion and his affidavit filed in support thereof that defendant attempted to allege that his plea of guilty was not knowingly, voluntarily, and understandingly entered. Defend-

State v. Fennell

ant thus would appear to have stated grounds under G.S. § 15A-1415(b)(3) and would be entitled to appeal the denial of his motion to withdraw his plea of guilty pursuant to G.S. § 15A-1444(e).

Defendant's sole exception is to the order denying his motion. A broadside exception to an order by the trial court denying a motion relating to one of the defendant's protected rights presents for review only the question of whether the facts found and the conclusions made support the order. *See State v. McKinney*, 19 N.C. App. 177, 198 S.E. 2d 241 (1973). We have carefully reviewed Judge Llewellyn's order dated 24 April 1980, and find his order to be properly supported by the facts found and the conclusions made.

The order appealed from is

Affirmed.

Judges WEBB and HILL concur.