State v. Bunn

No error.

Judges HEDRICK and BRASWELL concur.

---

STATE OF NORTH CAROLINA v. LESLIE IRVING BUNN

No. 8325SC473

(Filed 17 January 1984)

1. **Criminal Law § 161— "broadside" assignments of error—ineffectual**

    Defendant's "broadside" assignment of error and "shotgunning" approach to questions were both ineffectual and without merit.

2. **Assault and Battery § 14.5— assault with a deadly weapon with intent to kill—sufficiency of evidence**

    The evidence was sufficient to support a verdict of assault with a deadly weapon with intent to kill where the evidence showed two altercations with the same victim, the first in which the victim was struck by a stick, and the second in which defendant pulled his knife and stabbed and cut the victim.

3. **Assault and Battery § 15.6— instructions on self-defense—proper**

    The trial judge properly submitted the issue of self-defense to the jury where the record showed seven paragraphs on self-defense, plus an inclusion of the subject in the final mandate, and it was not error to fail to submit self-defense as a separate verdict, or issue, on the verdict sheet for the jury to separately answer since never is it required to have a jury answer on a written verdict sheet whether they separately found each element proven or each defense unproven. G.S. 15A-1235(a).

4. **Criminal Law § 138— presumptive sentence—no aggravating or mitigating factors required**

    It is only when the actual sentence deviates from the presumptive that the law requires a judge to find either mitigating or aggravating factors. G.S. 15A-1340.4(b).

5. **Criminal Law § 142.3— recommendation for work release—restitution—evidence supporting recommendations**

    Ample evidence supported the court's recommendations that defendant be available for work release and that defendant pay restitution of $971.85 in medical expenses "or any remaining amount of monies not covered by [the victim's] medical insurance." G.S. 148-33.2(c).

APPEAL by defendant from *Beaty, Judge.* Judgment entered 9 December 1982 in the Superior Court, CALDWELL County. Heard in the Court of Appeals 6 December 1983.

*Attorney General Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*W. P. Burkhimer for defendant appellant.*

BRASWELL, Judge.

Wayne Hampton emerged from a fight in the Two Spot Lounge with multiple stab wounds in the left shoulder and in the right side. His injuries were so substantial that the first treating doctor called upon the services of an experienced surgeon. Leslie Irving Bunn, defendant, was convicted of the felony of making an assault upon Hampton with a deadly weapon inflicting serious injury, and was given the presumptive sentence of three years with a recommendation for work release and payment of medical expenses. Defendant appeals.

While the defendant purports to raise five questions in his brief, and laboriously argues them, we find no merit to any of his assignments of error. The labels to his questions concern (1) "admission, exclusion, etc., of evidence," (2) a failure to "dismiss the charges," (3) error in jury instructions, (4) "errors in his sentencing of defendant," and (5) violation of his constitutional rights.

[1] Under the fifth "question" counsel recites the time-honored phrases "due process of law" and "law of the land" as having been violated, and alleges, "[t]his Question involves all Assignments of Error." Having read and considered the argument we hold this to be in the nature of a "broadside" assignment of error and find it to be without merit. *Compare, State v. Fennell,* 51 N.C. App. 460, 463, 276 S.E. 2d 499, 501, *further review denied,* 303 N.C. 316, 281 S.E. 2d 655 (1981); *State v. McCoy,* 303 N.C. 1, 19, 277 S.E. 2d 515, 529 (1981).

The first three questions presented can best be summarized as a product of the same shotgunning approach as the fifth question above. By his resort to shotgunning, the appellant has scattered numerous pellets of legal generalities in an attempt to strike targets of admission and exclusion of evidence and sufficiency of evidence; and by shooting at jury instructions without having made any objection at trial, the appellant has made an ineffectual presentation of error to this Court. *State v. McCoy, supra,* at 19, 277 S.E. 2d at 529.

State v. Bunn

Question one encompasses four assignments of error, one of which deals with the defendant's objections to the admissions of evidence which were actually sustained, but to which the judge gave no cautionary instructions. Other subjects include cross-examination (the court properly denied repetitious cross-examination), self-defense (exclusion of what another witness "thought"), and exclusion of evidence of medical costs to defendant (not the victim), for his own injuries.

[2] Under the second question, the motion of defendant "to dismiss the charges" was properly denied. The State's evidence clearly established each element of the one offense submitted to the jury. The evidence shows two altercations. Hampton was the victim on each occasion. During the first altercation, the State's evidence showed Hampton was struck by a stick, whereas defendant's evidence showed the defendant only hit Hampton with his hand. The defendant then left the club. Upon the defendant's later return into the club and after an exchange of words, the defendant's evidence showed he hit Hampton with a mop handle. As they fought, the defendant pulled his knife and stabbed and cut Hampton. Subsequently, the judge included instructions on self-defense, which was favorable to the defendant under the facts. The defendant's argument to dismiss is not supported by the facts. The State met its burden. *See State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

[3] It is the judge's jury instructions which form the third question in the brief. Under this, defendant discusses what he has named as Assignment of Error No. 7. At one point the allegation is: "The error is the ruling of His Honor that he would not submit an issue of self-defense to the jury." Four paragraphs later the allegation is: "ASSIGNMENT OF ERROR 7 . . . is to Judge's failure to submit issues of fact for jury determination as to whether there was a deadly weapon, whether there were serious injuries, and whether Bunn acted in self-defense." It is difficult to perceive how counsel could put forth such a question. Any plain reading of the judge's charge, which is set out in full in the record, shows seven paragraphs on self-defense, plus an inclusion of the subject in the final mandate. If the defendant's argument can be read to infer that it was error not to submit self-defense as a separate verdict, or issue, on the verdict sheet for the jury to separately answer, then we hold this contention to be foreign to our criminal

law and procedure. Never is it required to have a jury answer on a written verdict sheet whether they separately find each element proven or each defense unproven. Our statute, G.S. 15A-1235(a) requires only a verdict of guilty or not guilty.

Although the defendant now seeks to inject numerous exceptions into the record as to portions of the judge's charge to the jury, the record shows conclusively that none were taken at trial.

THE COURT: Out of the presence of the jury I will inquire whether any corrections or additions to the charge which I gave to the jury.

MR. PEARCE: None for the State.

MR. BURKHIMER: None from the defendant.

THE COURT: Let the record show out of the presence of the jury the Court inquired of the State and the defendant whether any additions or corrections of the charge given to the jury and both parties replied, "None."

We are aware of *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) (and *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983), construing Rule 10(b)(1), N.C. Rules of App. Proc.), and hold that the trial and record before us does not require such application of the rules. We have examined the remaining assignments of error relating to jury instructions and find all of them to be without merit.

[4] As to the alleged sentencing errors under question four, defendant contends that the judge wrongly considered the victim's hospital bills as aggravating factors and that he failed to consider evidence of mitigating factors. By raising this question the defendant completely overlooks the plain words of the State's Fair Sentencing Act. Here, the presumptive sentence was imposed. It is only when the actual sentence deviates from the presumption that the law requires a judge to find either mitigating or aggravating factors. G.S. 15A-1340.4(b).

[5] After making a recommendation for work release, which itself was an exercise of judicial discretion favorable to defendant, the court recommended restitution of $971.85 in medical expenses, but coupled this by adding "or any remaining amount of

monies not covered by Mr. Hampton's medical insurance." The evidence disclosed that Mr. Hampton did have medical insurance, and that probably 80% of the total amount would be paid by insurance, if any was so paid. The series of medical bills supporting the amount were present at court. Ample evidence supported the court's recommendation. G.S. 148-33.2(c); *State v. Killian,* 37 N.C. App. 234, 245 S.E. 2d 812 (1978).

No error.

Judges HEDRICK and EAGLES concur.