STATE OF NORTH CAROLINA v. ADAM GLIDDEN

No. 845SC1044

(Filed 17 September 1985)

1. **Constitutional Law § 28— misdemeanor committed in secrecy and malice— raised to felony—no violation of equal protection**

    Defendant's equal protection and due process rights were not violated where he was charged with writing and transmitting an unsigned threatening letter, a misdemeanor under G.S. 14-394, and with acting in secrecy and malice, which raises the misdemeanor to a felony under G.S. 14-3(b). G.S. 14-3(b) and 14-394 set up different punishment levels for the same criminal act without discriminating against any class of defendants, and defendant did not show a discriminatory pattern or intent by the prosecutor in his application of the statutes. G.S. 14-1.

2. **Anonymous Threats § 1— transmitting a threatening letter—instructions correct**

    In a prosecution for sending an anonymous threatening letter, there was no error in the court's instruction on transmitting a threatening letter where the instruction was in substance the same as the instruction requested by defendant and the instruction was a correct statement of law.

3. **Anonymous Threats § 1— transmitting threatening letters—evidence sufficient**

    There was sufficient evidence to support a conviction for writing and transmitting unsigned threatening letters in violation of G.S. 14-394 where the recipient of the letters was familiar enough with defendant's handwriting to identify him as the author; some of the letters appeared in the victim's classroom during or immediately following the time period when defendant attended class there; some of the envelopes were folded, indicating they could have been mailed to an accomplice who then mailed them from the postmarked location while defendant was in another location; and no more letters were mailed to the victim after defendant was arrested.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 27 January 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 August 1985.

Defendant was convicted by a jury of ten counts of feloniously writing and transmitting anonymous threatening letters in violation of G.S. 14-394 and 14-3(b). The trial court sentenced him to a presumptive term of three years on each count, with the sentences combined into two groups of concurrent sentences so that his total prison time is six years. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Shipman & Lea, by James W. Lea, III, and Gary K. Shipman, for defendant appellant.*

WEBB, Judge.

[1] Defendant first contends that his equal protection and due process rights were violated when the State charged him with a felony indictment by combining G.S. 14-3(b) and 14-394. G.S. 14-394 makes it unlawful to write and transmit an unsigned threatening letter. It appears that G.S. 14-394, standing alone, is a misdemeanor. G.S. 14-1 states that a crime is a misdemeanor unless (1) it was a felony at common law, (2) it is punishable by death, (3) it is punishable by imprisonment in the State's prison, or (4) it is denominated as a felony by statute. We are unaware of the offense stated in G.S. 14-394 ever being a common law crime, and none of the other G.S. 14-1 conditions are set forth in G.S. 14-394, so it must be a misdemeanor. Additionally, *State v. Robbins*, 253 N.C. 47, 116 S.E. 2d 192 (1960), refers to G.S. 14-394 as a misdemeanor. However, G.S. 14-3(b) provides: "If a misdemeanor offense as to which no specific punishment is prescribed be infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall, except where the offense is a conspiracy to commit a misdemeanor, be guilty of a Class H felony." Defendant was charged with a felonious violation of G.S. 14-394 on the basis that he acted in secrecy and malice under G.S. 14-3(b).

Defendant argues that the secrecy and malice elements of G.S. 14-3(b) are also inherent in G.S. 14-394, and therefore the statutes set up two different possible punishments for the same crime. He cites *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970), and *State v. Killian*, 37 N.C. App. 234, 245 S.E. 2d 812 (1978), for the rule that a statute violates equal protection if it prescribes different punishments for the same acts committed un-

der the same circumstances by persons in like situations. The rule enunciated in *Benton* and *Killian* has no application to the present case. A statute would violate equal protection rights if it provided for different punishments for different classes of people without any rational basis for the distinction. However, G.S. 14-3(b) and 14-394 do not so discriminate; instead, they apply equally to everyone. The fact that the State may elect to prosecute either for the greater offense of the two statutes combined or the lesser offense of G.S. 14-394 alone is similar to the discretion the prosecutor has in choosing whether to proceed on a greater offense such as murder or the lesser included offense of manslaughter. *United States v. Batchelder*, 442 U.S. 114, 60 L.Ed. 2d 755, 99 S.Ct. 2198 (1979), held that the government could prosecute under either of two substantive criminal statutes that contained identical elements but different levels of punishment. No violation of equal protection or due process occurred since the statutes did not discriminate against any class of defendants. Although the present case does not involve two substantive statutes, we find the analysis of *Batchelder* applies here because G.S. 14-3(b) and 14-394 set up different punishment levels for the same criminal act without discriminating against any class of defendants. Furthermore, defendant has not shown a discriminatory pattern or intent by the prosecutor in his application of the statutes.

[2] Defendant contends that the trial court erred in instructing the jury that "transmitting" a threatening letter means "to send or in some way cause to be received that letter by the person meant to receive it." He had requested an instruction that, "[t]o find transmission you must find that the Defendant sent or transferred a letter to Pamela Navarra." Defendant's proposed instruction and his argument on appeal are based on *State v. Robbins*, 253 N.C. 47, 116 S.E. 2d 192 (1960). That case held, "There can be no transmission within the meaning of the statute without an intended recipient and a delivery of the prohibited writing or a communication of its contents to the intended recipient." *Id.* at 49, 116 S.E. 2d at 193. We hold that the trial court's instruction was proper because (1) it was in substance the same as the requested instruction, and (2) it was a correct statement of the law as set forth in *State v. Robbins. State v. Green*, 305 N.C. 463, 477, 290 S.E. 2d 625, 633 (1982).

[3] Defendant maintains the evidence was insufficient to show that he transmitted the letters as required by G.S. 14-394. He does not dispute that there was sufficient evidence for the jury to find that he wrote the letters. *State v. Strickland*, 229 N.C. 201, 49 S.E. 2d 469 (1948), held there was sufficient evidence to support a conviction for writing and transmitting an unsigned threatening letter in violation of G.S. 14-394 where an expert testified that the letter was written on a typewriter later found in the defendant's home, and where defendant was seen in the area of the ransom money. The evidence in the present case is just as strong. The recipient of the letters was familiar enough with defendant's handwriting to identify him as the author of the threatening letters. Some of the letters appeared in the victim's classroom during or immediately following the time period when defendant attended class there. Some of the envelopes were folded, indicating they could have been mailed to an accomplice who then mailed them from the postmarked location while defendant was in another location. No more letters were mailed to the victim after defendant was arrested. This was sufficient evidence for the jury to find that defendant transmitted the letters as well as wrote them.

No error.

Chief Judge HEDRICK and Judge WELLS concur.