STATE OF NORTH CAROLINA v. PAUL W. BURKHEAD

No. 8614SC460

(Filed 5 May 1987)

**Criminal Law § 142.4— assaults—restitution—not supported by evidence**

The trial court erred when sentencing defendant for assault with a deadly weapon with intent to kill inflicting serious injury by recommending as a condition for work release that defendant pay restitution for "pain, suffering, and the like" in the amount of $5,000 to the victim of the assaults where there was no evidence as to the amount of the victim's pain and suffering and the only evidence supporting the amount of restitution was that the victim had unpaid medical bills of $442.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 10 October 1985 in Superior Court, DURHAM County. Heard in the Court of Appeals 13 October 1986.

Defendant pleaded guilty to assault with a deadly weapon with intent to kill inflicting serious injury and was sentenced to a five-year term of imprisonment. The presumptive term is six years. The court recommended work release and further recommended that as a condition of attaining work release, defendant pay restitution "for pain, suffering and the like" in the amount of $5,000.00 to the victim of the assault. In an order filed on 20 October 1986, the Court of Appeals dismissed defendant's appeal because he was appealing a sentence which was less than the presumptive term. Upon consideration of a petition filed by defendant for a writ of certiorari, the Supreme Court remanded the case to the Court of Appeals with instructions to address defendant's original sixth assignment of error relating to the order of restitution.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for the State.*

*Loflin & Loflin, by Ann F. Loflin, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in recommending, as a condition of work release, that he pay restitution in the amount of $5,000.00 because the evidence presented at the trial

and the sentencing hearing did not support the $5,000.00 figure. We agree.

The trial court is not required to make specific findings of fact in support of its recommendation of work release. *State v. Hunter*, 315 N.C. 371, 338 S.E. 2d 99 (1986). However, any order or recommendation for restitution to the aggrieved party as a condition of obtaining work release must be supported by the evidence. *State v. Killian*, 37 N.C. App. 234, 245 S.E. 2d 812 (1978); G.S. 15A-1343(d).

Restitution is defined as "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action." G.S. 15A-1343(d). Restitution, however, cannot be comprised of punitive damages. G.S. 15A-1343(d) states that the purpose of restitution measures are to promote rehabilitation of the criminal offender and to provide for compensation to victims of crime. They shall not be construed to be a fine or other punishment. G.S. 15A-1343(d); *State v. Killian*, 37 N.C. App. 234, 245 S.E. 2d 812 (1978).

While it is clear that punitive damages are not appropriate in restitution orders, the issue of whether pain and suffering damages can be included has not yet been addressed by the appellate courts. However, even if it is assumed *arguendo* that a trial court's recommendation of restitution can include damages for pain and suffering, the evidence in the case *sub judice* did not support the recommendation. The only evidence supporting the amount of restitution was that the victim had unpaid medical bills in the amount of $442.00. There was no evidence as to the amount of the victim's pain and suffering. The evidence as reported in the record does not support restitution in the amount of $5,000.00.

In its brief, the State points to the case of *State v. Hunt*, 80 N.C. App. 190, 341 S.E. 2d 350 (1986), which held that, "[w]hen, as here, there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." In that case, the trial court recommended that defendant be required to pay restitution in the amount of $18,364.00. The relevant evidence before the court was the victim's testimony that the hospital bill was $10,364.00 and that the doctor's bill was approximately $8,000.00. In that case, the evidence amply supported

---

**State v. Burkhead**

---

the recommendation. *State v. Hunt* is not determinative to the present case.

Since the trial court's recommendation of restitution is not supported by the evidence, that portion of the judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

Chief Judge HEDRICK and Judge ORR concur.