STATE OF NORTH CAROLINA v. OTIS CHARLES BAYNARD

No. 6929SC266

(Filed 28 May 1969)

**1. Criminal Law § 142— suspended sentences — appeal**

An appeal from the imposition of a suspended sentence presents only error of law.

**2. Criminal Law § 142— suspended sentence — duration of five years**

Suspension of sentence for a period of five years is within the limits provided by law. G.S. 15-200.

**3. Criminal Law § 142— suspended sentence — reasonableness of conditions**

Upon defendant's conviction of operating a motor vehicle upon the highways of the State while under the influence of intoxicating beverages, suspension of sentence on conditions that (1) defendant shall not go upon premises where intoxicating liquors are manufactured or sold for a period of five years and (2) defendant shall not ride in any motor driven vehicle except in his business for a period of two years *is held* reasonable both as to substance and time.

APPEAL by defendant from *McLean, J.,* 5 February 1969 Session, TRANSYLVANIA County Superior Court.

In March 1968 the defendant was indicted for operating a motor vehicle upon one of the public highways of the State of North Carolina in Transylvania County while under the influence of intoxicating liquor. At the October 1968 Session of .the Superior Court of Transylvania County, the defendant was convicted of this offense and the prayer for judgment was continued until the February 1969 Session of the Superior Court of Transylvania County.

On 5 February 1969 Judge McLean entered judgment as follows:

"In open court, the defendant appeared for trial upon the charge or charges of operating a motor vehicle upon the public highways of the State, while under the influence of intoxicating beverages, and prayer for judgment being continued until this time. It is the judgment of the Court that the defendant be confined in the common jail of Transylvania County for a period of 2 years to be assigned to work under the supervision of the State Dept. of Corrections, as provided by law.

Upon motion of the defendant, through his counsel and by and with his consent and at his request, the foregoing prison sentence is suspended for a period of 5 yrs. and defendant placed on probation, upon the following terms and conditions, together with

the terms and conditions of the Probationary Judgment, signed simultaneously herewith:

(1)    That the defendant shall not own, possess or drink any intoxicating liquors for a period of 5 yrs.

(2)    That the defendant shall not go in, upon or about any premises wherein intoxicating liquors are manufactured or sold, either legally or illegally for a period of 5 yrs.

(3)    That the defendant pay into the Office of the Clerk of Superior Court of Transylvania County the sum of $300.00.

(4)    That he not ride in upon or about any motor driven vehicle except in his business for a period of 2 yrs.

(5)    That he not violate any of the criminal laws of this State or any other State of the Union or Federal Government for a period of 5 yrs.

Upon breach of any of the foregoing conditions or the conditions of the Probationary Judgment, signed simultaneously herewith, Capias and Commitment to issue to place the prison sentence into effect.

ORDER:

Out of the monies ordered to be paid in under the foregoing Judgment, the Clerk shall first retain the cost of this action and pay the balance to the school fund, as provided by law.

This 5 Feb. 1969.

W. K. McLEAN
Judge Presiding"

The defendant appealed to the Court of Appeals from this judgment and assigned error in that special conditions No. 2 and No. 4 are unreasonable.

The defendant having been found to be an indigent, an attorney was appointed for him to perfect his appeal, and the county was ordered to pay the costs of the appeal.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Garren & Stepp by W. Hailey Stepp, Jr., for defendant appellant.*

CAMPBELL, J.

The only question presented for decision is whether the conditions attached to the suspension of the sentence are reasonable.

**[1]** The imposition of sentences with provision for suspension thereof and probation are provided for by statute. G.S. 15-197, et seq.

G.S. 15-180.1 provides for an appeal from a suspended sentence:

". . . The purpose of this section is to provide that by giving notice of appeal the defendant does not waive his acceptance of the terms of suspension of sentence. Instead, by giving notice of appeal, the defendant takes the position that there is error of law in his conviction."

It is to be noted that in the judgment entered by Judge McLean in the trial court, it is specifically set out:

"Upon motion of the defendant, through his counsel and by and with his consent and at his request, the foregoing prison sentence is suspended for a period of 5 yrs. . . ."

The appeal therefore presents only: ". . . error of law. . . ."

**[2]** The period of 5 years or the duration of the suspension is within the limits provided by law. G.S. 15-200; *State v. Gibson,* 233 N.C. 691, 65 S.E. 2d 508.

The only remaining ground for attack in the instant case is based upon the fact that the conditions are unreasonable and this in turn is based upon the proposition that the conditions are unrelated to and did not grow out of the offense for which the defendant was convicted.

**[3]** The defendant contends that conditions No. 2 and No. 4 are unreasonable and therefore void.

In the case of *State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495, the defendant had been convicted on a charge of larceny of 900 pounds of seed cotton. The defendant in that case was sentenced to two years and placed on probation with a special condition that the defendant "be denied the right to operate a motor vehicle on the highways of North Carolina during the first 12 months of probation." In that case, Barnhill, J., (later C.J.) speaking for the Court stated:

"While at first blush larceny and the operation of a motor vehicle would seem to be wholly unrelated, such is not necessarily the case here. The defendant was charged with the larceny of 900 pounds of seed cotton. The 'taking and carrying away' of such a heavy and bulky quantity of seed cotton no doubt involved the use of a vehicle. If, in committing the larceny the defendant used an automobile, the crime and the operation are directly related. It is presumed, in the absence of proof to the

contrary, that the proceeding was legal and the court acted with proper discretion. *S. v. Hilton,* 151 N.C. 687, 65 S.E. 1011; *S. v. Everitt,* 164 N.C. 399, 79 S.E. 274.

Furthermore, the primary purpose of a suspended sentence or parole is to further the reform of the defendant. There is strong suggestion in the record that defendant is addicted, at least to some extent, to the use of alcoholic beverages. The judge may have considered that the primary need of defendant was to be kept off the public roads while under a steering wheel. Certainly there is nothing in the record to induce a contrary view. *S. v. Ray,* 212 N.C. 748, 194 S.E. 472."

In the case at bar, the defendant had been convicted of driving a motor vehicle while under the influence of intoxicating beverages. It is obvious from the conditions imposed that the Judge considered that the primary need of defendant was to be kept away from alcoholic beverages and to be kept off the public roads when in a motor vehicle whether as passenger or as driver unless it was a matter of business.

"Certainly there is nothing in the record to induce a contrary view. . . ."

So far as this record discloses, the conditions imposed were reasonable, both in substance and time. Therefore, the judgment of the Court below must be

Affirmed.

MORRIS and PARKER, JJ., concur.