STATE OF NORTH CAROLINA v. ROBERT EUGENE GALLAMORE

No. 6929SC397

(Filed 19 November 1969)

1. **Criminal Law § 142— suspended sentence — right of appeal**
	An appeal is allowed from a suspended sentence to test allegations of errors of law. G.S. 15-180.1.

2. **Criminal Law § 142— suspension of sentence — condition — reparation to injured party**
	As a condition to suspension of sentence, the court may order that a defendant make reparation of injuries to a party aggrieved as a result of or incident to the offense committed by defendant. G.S. 15-199.

**3. Criminal Law § 142; Automobiles § 130— driving under the influence — suspended sentence — reasonable condition — reparation**

Upon defendant's conviction of a first offense of operating a motor vehicle upon the highways of the State while under the influence of intoxicating liquor, suspension of sentence of 18 months' imprisonment upon condition that, among other things, defendant shall pay into the office of the clerk the sum of $3,000 for reparation to the prosecuting witness, *held* reasonable, but the cause is remanded for imposition of a sentence of imprisonment within the statutory maximum. G.S. 20-179.

APPEAL by defendant from *McLean, J.,* March-April 1969 Term, TRANSYLVANIA Superior Court.

Defendant appeals from a judgment and order of the trial judge, entered after verdict of guilty on the charge of violating G.S. 20-138, operating a motor vehicle upon the highways of the State while under the influence of intoxicants or narcotics or drugs. The warrant, on which the defendant was tried, charged a first offense. The judgment imposed sentence of 18 months, which was suspended upon the following conditions:

"Upon motion of the defendant, through his Counsel William White, and by and with his consent and at his request, the foregoing prison sentence is suspended for a period of 5 years, upon the following expressed terms and conditions:

1. That the defendant shall not own, possess or drink any intoxicating liquors for a period of 5 years.

2. That the defendant shall not go in, upon or about any premises wherein intoxicating liquors are manufactured or sold, either legally or illegally for a period of 3 years.

3. That the defendant shall pay into the Office of the Clerk of Superior Court of Transylvania County at this term of Court the sum of $300.00; that thereafter, on or before the fourth Monday in May, 1969, he shall pay into the Office of the Clerk of Superior Court of Transylvania County the sum of $250.00 and a like amount on the fourth Monday in each month thereafter, for a period of 13 months.

4. That he shall not violate any of the criminal laws of this State or any other State of the Union or of the Federal Government for a period of 3 years.

Upon breach of any of the foregoing conditions, Capias and Commitment to issue to place the prison sentence into effect.

### ORDER

That out of the monies ordered to be paid in under the foregoing judgment, the Clerk of Superior Court shall pay to the

prosecuting witness Harry Koleman the sum of $3,000.00, that out of the balance the Clerk shall retain the cost of this action and remit the balance to the school fund as provided by law."

Defendant contends (1) that the punishment imposed by the judgment and conditions of suspension were harsh and excessive and in effect constituted a civil judgment against him without his having had an opportunity to meet the allegations against him; and (2) that the punishment imposed by the judgment (which was suspended) was in excess of that allowed by the statute, G.S. 20-179.

*Ramsey & White by William R. White for defendant appellant.*

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen, for the State.*

CAMPBELL, J.

[1] This appeal presents first the question of law as to the reasonableness of the terms of the suspension of the judgment. Compare *State v. Baynard*, 4 N.C. App. 645, 167 S.E. 2d 514 (1969). The statute, G.S. 15-180.1, allows an appeal to test allegations of errors of law even though a suspended sentence was provided in the judgment.

[2] Reparation of injuries to a party aggrieved as a result of or incident to an offense committed by a criminal defendant as a condition to suspension of sentence has long been recognized in North Carolina judicially and by statute. *Myers v. Barnhardt*, 202 N.C. 49, 161 S.E. 715 (1932); G.S. 15-199(10). *State v. Simmington*, 235 N.C. 612, 70 S.E. 2d 842 (1952).

[3] We cannot say that any of the terms of the suspension of sentence are unreasonable. See *State v. Baynard, supra*. There is no merit in this assignment of error.

The defendant further contends, however, that the sentence suspended was in excess of the statutory limits for such an offense. There is merit in this position.

A few days before the judgment was entered in this case the legislature changed the statute. The learned trial judge had no way of knowing of this change as it had not been published. The statute now provides:

"§ 20-179. *Penalty for driving while under the influence of intoxicating liquor or narcotic drugs.* — Every person who is convicted of violating § 20-138, relating to habitual users of nar-

cotic drugs or driving while under the influence of intoxicating liquor or narcotic drugs, shall, for the first offense, be punished by a fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), or imprisonment for not less than thirty (30) days, nor more than six months, or by both such fine and imprisonment, in the discretion of the court. For a second conviction of the same offense, the defendant shall be punished by a fine of not less than two hundred dollars ($200.00) nor more than five hundred dollars ($500.00), or imprisonment for not less than two months, nor more than six months, or by both such fine and imprisonment, in the discretion of the court. For a third or subsequent conviction of the same offense, the defendant shall be punished by a fine of not less than five hundred dollars ($500.00) or by both such fine and imprisonment in the discretion of the court not to exceed two years. (1937, c. 407, s. 140; 1947, c. 1067, s. 18; 1967, c. 510; 1969, c. 50.)" [Ratified and effective 3/10/69.]

Since the sentence of 18 months exceeds the statutory limit, this case must be remanded for the imposition of a sentence within the statutory limitation.

Remanded for judgment.

PARKER and GRAHAM, JJ., concur.