STATE OF NORTH CAROLINA v. JEFFREY LYNN LAMBERT

No. 7820SC947

(Filed 20 March 1979)

**Criminal Law §§ 142.3, 145.5— recommendation that restitution be required for work release or parole—constitutionality of statutes**

Statutes permitting a trial court which imposes an active sentence to include a recommendation for restitution or reparation as a condition of work release or parole, G.S. 148-33.2(c) and G.S. 148-57.1(c), do not unconstitutionally discriminate against indigent defendants since the Secretary of the Department of Correction and the Parole Commission are not required to follow the trial court's recommendation, and defendant's financial condition could be considered in determining whether to require restitution or reparation as a condition of work release or parole.

APPEAL by defendant from *Walker (Hal H.), Judge*. Judgment entered 2 March 1978 in Superior Court, MOORE County. Heard in the Court of Appeals 30 January 1979.

Defendant was charged with assault with a deadly weapon with intent to kill, inflicting serious bodily injury. The State's evidence at trial tended to show that on 30 July 1977, William Brock attended a pig picking in Moore County. About 8:00 that evening, Brock observed the defendant and several other people beating up a man. Brock approached the fight, noticed the man was hurt, and told his attackers to leave him alone. The defendant, who was crouched over the victim, swung around and stabbed Brock in the hip. Brock then threw a beer bottle at the defendant but did not hit him. Brock was hospitalized for three days and underwent surgery. His medical bills amounted to $1,000.00.

The defendant's evidence tended to show that the defendant was watching the fight when he saw Brock approach. When the defendant turned to face him, Brock threw a bottle at him. The defendant ducked and hit Brock with his knife.

Defendant was convicted of assault with a deadly weapon inflicting serious bodily injury. After sentencing defendant to three years imprisonment, the trial court recommended that, as a condition of defendant's being released on work release or parole, defendant should reimburse Brock the sum of $1,000.00 for medical bills incurred. From this judgment, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Kaye R. Webb, for the State.*

*Seawell, Pollock, Fullenwider, Robbins & May, by P. Wayne Robbins, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward only one assignment of error. He contends that the trial court erred in attaching the recommendation for restitution or reparation as a condition of work release or parole. G.S. 148-33.2(c) requires a judge, upon sentencing to consider whether restitution or reparation should be imposed as a condition of attaining work release. He must indicate his decision on the order committing defendant to custody. G.S. 148-57.1(c)

governs restitution or reparation as a condition of parole and is almost identical to the provisions of G.S. 148-33.2(c).

Defendant first contends that these two statutes are confusing because they refer to G.S. 15-199(10) which has been repealed. G.S. 15-199(10) provided for restitution or reparation as a condition of probation. Defendant has not received probation, therefore, this reference to that statute does not affect him. We further note, however, that both G.S. 148-33.2(c) and G.S. 148-57.1(c) have been amended to change the reference from G.S. 15-199(10) to G.S. 15A-1343(d), the new provision governing restitution or reparation as a condition of probation. Any confusion, therefore, has been eliminated.

Defendant's main argument 'asserts that G.S. 148-33.2(c) and G.S. 148-57.1(c) are unconstitutional because the restitution or reparation requirement discriminates against the indigent defendant. In passing on the constitutionality of this statute, we presume that the statute is constitutional unless the contrary clearly appears. *State v. Anderson*, 275 N.C. 168, 166 S.E. 2d 49 (1969). G.S. 148-33.2(c) and G.S. 148-57.1(c) provide a framework within which provision for restitution or reparation as a condition of work release and parole can be made. The decision to recommend restitution or reparation is discretionary, and the trial court is not required to impose such a condition. G.S. 148-33.2(c) and 148-57.1(c). The Secretary of the Department of Correction and the Parole Commission are not required to follow the trial court's recommendation for restitution or reparation. *State v. Killian*, 37 N.C. App. 234, 245 S.E. 2d 812 (1978); G.S. 148-33.2(b) and 148-57.1(b). Defendant's financial status at the time he is eligible for work release or parole could be a reason to disregard the trial court's recommendation. Since the decision to impose restitution or reparation is discretionary with the trial court, the Secretary and the Parole Commission, and since indigency could be considered in making that decision, the statute is not unconstitutional as a denial of equal protection.

We note, in passing, that restitution to a party injured by criminal activity as a condition of probation has been authorized in North Carolina by judicial decisions and statutes. *State v. Simmington*, 235 N.C. 612, 70 S.E. 2d 842 (1952); *State v. Gallamore*, 6 N.C. App. 608, 170 S.E. 2d 573 (1969); G.S. 15A-1343(d). Restitution

may also be required as a condition of probation under federal law. 18 U.S.C. § 3651 (1969); *United States v. Taylor*, 305 F. 2d 183 (1962). Since this condition may be imposed for probation, it follows that it may be imposed for work release and parole. We also note that G.S. 148-33.1(f), governing work release privileges, provides that wages earned by a prisoner can be used to make restitution or reparation to an aggrieved party for damages caused by the criminal activity. Defendant's appeal fails to disclose prejudicial error.

No error.

Judges HEDRICK and CLARK concur.