STATE OF NORTH CAROLINA v. DOROTHY M. ALEXANDER

No. 809SC68

(Filed 1 July 1980)

**Criminal Law § 142.4– conditions for parole or work release – fine not restitution or reparation**

The imposition of a fine is not "restitution or reparation" within the meaning of G.S. 148-33.2(c); therefore, judgment imposed upon a conviction of voluntary manslaughter is modified by striking that portion ordering the payment of a fine of $4000.

APPEAL by defendant from *Bruce, Judge*. Judgment entered 31 August 1979 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 22 May 1980.

*Attorney General Edmisten, by Associate Attorney William R. Shenton, for the State.*

*Davis, Sturges and Tomlinson, by Conrad B. Sturges, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant was convicted of voluntary manslaughter. Judgment imposing a prison sentence of ten years minimum, twenty years maximum, was entered. The sentence includes the following:

As to restitution or reparation as a condition of attaining work release privilege or parole, the Court orders the defendant to pay a fine of $4000.00 and the cost of this action; make restitution to the State of North Carolina for attorney fees awarded her court appointed counsel for services to her in connection with this action and to any other court appointed lawyer who may represent her in the future in this matter; make restitution to the personal representative of the deceased Jonas Williams and in an amount equal to the funeral bill of Jonas Williams.

It is recommended that should she become eligible for Parole or Work Release that she be required to make res-

titution, to pay fine and cost, and attorney fee under the supervision of a Work Release Counselor or Parole Officer.

When an active sentence is imposed, the judge should consider whether, as a further rehabilitative measure, restitution or reparation should be ordered or recommended to the Parole Commission and the Secretary of Correction to be imposed as a condition of attaining work-release privileges. G.S. 148-33.2(c). We hold, however, that the imposition of a fine is not "restitution or reparation" within the meaning of the statute. We, therefore, modify the judgment by striking that portion ordering the payment of a fine of $4,000.00.

We have examined defendant's other assignments of error and conclude that they fail to disclose prejudicial error.

No error in the trial. The judgment is modified and affirmed.

Judges PARKER and HEDRICK concur.