STATE OF NORTH CAROLINA v. LARRY THOMAS ARNETTE

No. 834SC869

(Filed 6 March 1984)

**Criminal Law §§ 142.3, 145.5— recommendation of restitution as condition of work release or parole—no requirement for sentencing judge to inquire into defendant's ability to pay**

There was no statutory requirement for the sentencing judge to inquire into defendant's ability to pay restitution of $62,500.00 where the judge merely *recommended* restitution as a condition of his parole or work release. Neither the Parole Commission nor the Department of Correction is bound by the judge's recommendation of restitution as condition of parole or work release. G.S. 148-57.1(c) and (d); G.S. 15A-1343(d) and G.S. 148-33.2(d).

APPEAL by defendant from *Rouse, Judge*. Judgment entered 12 November 1980 in Superior Court, SAMPSON County. Petition for Writ of Certiorari to the Court of Appeals allowed on 27 January 1983. Heard in the Court of Appeals 14 February 1984.

Defendant entered a plea of guilty to having unlawfully, wilfully, feloniously, and wantonly set fire to and burned an uninhabited house. Defendant was sentenced, on 12 November 1980, to a term of imprisonment of not less than twenty-nine years nor more than thirty years, and the sentencing judge recommended that defendant make restitution in the amount of $62,500.00 as a condition of work release or parole. On 16 September 1982, defendant filed a motion for appropriate relief, contending that the judge's recommendations regarding restitution were improper and should be dismissed. This motion was denied in an order dated 18 November 1982. From this order, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Timothy W. Howard for defendant-appellant.*

EAGLES, Judge.

G.S. 148-57.1(c) mandates that when an active sentence is imposed, "the court shall consider whether . . . restitution or reparation should be ordered or recommended to the Parole Commission to be imposed as a condition of parole." This statute further provides that such order or recommendation "shall be in accordance with the applicable provisions of G.S. 15A-1343(d)." G.S. 15A-1343(d), which pertains to "Restitution as a Condition of Probation," requires that, "[w]hen restitution or reparation is a condition imposed, the court shall take into consideration the resources of the defendant, his ability to earn, his obligation to support dependents, and such other matters as shall pertain to his ability to make restitution or reparation."

Defendant contends that the sentencing judge erred in not considering the factors set out in G.S. 15A-1343(d) before recommending restitution as a condition of work release or parole. We do not agree. We note that the 1982 order denying appropriate relief speaks in terms of the court "ordering" restitution. But the

1980 judgment recites: "As to restitution or reparation as a condition of attaining work release privilege or parole, the Court recommends: That the defendant make restitution in the amount of sixty-two thousand five hundred dollars ($62,500.00). . . ." The judge here merely *recommended* restitution as a condition of work release or parole, as authorized by G.S. 148-57.1(c). Only if restitution was a "condition imposed" would there be a statutory requirement that the trial judge make findings as to the factors enumerated in G.S. 15A-1343(d).

Neither the Parole Commission nor the Department of Correction is bound by the judge's recommendation of restitution as a condition of parole or work release. *State v. Lambert,* 40 N.C. App. 418, 420, 252 S.E. 2d 855, 857 (1979). When the time comes that restitution may be imposed as a condition of parole, the Parole Commission must give defendant notice that restitution is being considered as a condition of parole and an opportunity to be heard. G.S. 148-57.1(d). The Department of Correction must follow this same procedure before restitution may be imposed as a condition of work release. G.S. 148-33.2(d). Such a hearing is the proper forum for determination of defendant's ability to pay restitution. There is no statutory requirement for a sentencing judge to inquire into a defendant's ability to pay restitution when the judge merely recommends restitution as a condition of parole or work release.

The defendant further contends that the judge's recommendations regarding restitution deny him the equal protection of the laws. We do not agree. A requirement that a defendant pay restitution as a condition of parole or work release is not inherently unconstitutional. *State v. Parton,* 303 N.C. 55, 74, 277 S.E. 2d 410, 423 (1981). The constitutionality of a reparation requirement may only be determined by considering defendant's financial status at the time when restitution may be paid. *Id.* Because restitution has not been imposed as a condition of parole or work release, there has been no equal protection violation here. The constitutionality of a reparation requirement may only be considered if and when restitution is ordered.

Affirmed.

Judges HEDRICK and HILL concur.