Smith v. Wilkins

---

---

KENNETH ALEXANDER SMITH v. R. W. WILKINS, JR., COMMISSIONER OF MOTOR VEHICLES

No. 8413SC756

(Filed 2 July 1985)

**Automobiles and Other Vehicles § 2.5— driver's license—revocation in another state—refusal to consider for N. C. license—constitutionality of statute**

Where petitioner's driver's license was revoked until 1992 in South Carolina where he resided because of numerous driving under the influence convictions, and petitioner thereafter moved to North Carolina, the Department of Motor Vehicles properly refused to consider petitioner for a North Carolina license pursuant to G.S. 20-9(f) until he was eligible for a license in

South Carolina. G.S. 20-9(f) is not unconstitutional on its face and was not applied in a manner which deprived petitioner of equal protection of the laws and his constitutional right to travel. G.S. 20-19(e); Fourteenth Amendment to the U.S. Constitution.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 4 June 1984 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 12 March 1985.

While a resident of South Carolina, petitioner was convicted nine times of driving under the influence between 1964 and 1978. Under South Carolina law, his driving privilege was suspended on 31 May 1978, until 3 January 1992. In April 1983, petitioner moved to North Carolina and has resided in this State since that time.

Petitioner thereafter requested a hearing with the Department of Motor Vehicles (hereinafter DMV) to obtain driving privileges in this State. The DMV, by letter dated 30 March 1984, denied his request pursuant to G.S. 20-9(f), stating that he could not be considered for a North Carolina license until he was eligible for a license in South Carolina.

Pursuant to G.S. 20-25, petitioner requested the Superior Court to review the action of the DMV in denying him a hearing and to declare G.S. 20-9(f) unconstitutional on its face and unconstitutional as applied to him.

The trial court ruled that his request for a hearing was properly denied by the DMV, and G.S. 20-9(f) is constitutional on its face and as applied to petitioner. Petitioner appealed.

*Attorney General Edmisten by Assistant Attorney General Jane P. Gray for State.*

*Michael W. Willis for petitioner-appellant.*

PARKER, Judge.

Petitioner presents two questions for review: (i) is G.S. 20-9(f) unconstitutional on its face, and (ii) is G.S. 20-9(f) unconstitutional as applied to him? Petitioner contends that G.S. 20-9(f) denies him equal protection of the laws and violates his fundamental right to travel. We disagree.

General Statute 20-9(f) provides:

> The Division shall not issue a driver's license to any person whose license or driving privilege is in a state of cancellation, suspension or revocation in any jurisdiction, if the acts or things upon which the cancellation, suspension or revocation in such other jurisdiction was based would constitute lawful grounds for cancellation, suspension or revocation in this State had those acts or things been done or committed in this State; provided, however, any such cancellation shall not prohibit issuance for a period in excess of 18 months.

The premise for petitioner's argument concerning violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution is that under G.S. 20-19(e) had he been licensed in North Carolina and convicted in North Carolina of the identical offenses for which he was convicted in South Carolina, the period of revocation of his license would have been permanent. However, at the end of a three year revocation period, petitioner would have been eligible for a hearing to determine whether his license should be conditionally restored. Petitioner argues that under G.S. 20-9(f) a person whose license is revoked out-of-state who moves into this State and establishes residency is treated differently from a person whose North Carolina license has been revoked. This difference in treatment, according to petitioner, constitutes invidious discrimination without a rational basis between the two groups.

We note first of all that a party challenging the constitutionality of a statute has the burden of establishing its unconstitutionality. *In re House of Raeford Farms v. Brooks,* 63 N.C. App. 106, 304 S.E. 2d 619 (1983). Legislative acts are presumed to be constitutional, *Andrews v. Chateau X,* 296 N.C. 251, 250 S.E. 2d 603 (1979), unless the contrary clearly appears. *State v. Lambert,* 40 N.C. App. 418, 252 S.E. 2d 855 (1979). With these principles in mind, we examine the petitioner's constitutional attack upon G.S. 20-9(f).

The principle is well settled that like treatment of all persons similarly situated is all that is required by the Equal Protection Clause of the Fourteenth Amendment. *State Bd. of Tax Commissioners v. Jackson,* 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248 (1931). All people, who, as the result of traffic convictions, have their

licenses revoked in other jurisdictions and then move to North Carolina are treated similarly. A person with a revoked license from another jurisdiction is not similarly situated with a person residing in North Carolina with a revoked North Carolina license. It is the state of revocation of the license, not residency as petitioner appears to contend, that governs the application of G.S. 20-9(f) and G.S. 20-19(e).

Moreover, General Statute 20-9(f) is clearly designed to promote public safety on the highways and to protect motorists on North Carolina's highways from the hazards created by a person who has demonstrated disregard for the rules of safety while operating a motor vehicle. The enactment of laws to assure public safety on the State's highways is a valid exercise of the police power by the legislature. As stated by our Supreme Court in *Fox v. Scheidt*, 241 N.C. 31, 84 S.E. 2d 259 (1954):

> The General Assembly has full authority to prescribe the conditions upon which licenses to operate automobiles are issued, and to designate the agency through which, and the conditions upon which licenses, when issued shall be suspended or revoked. *S. v. McDaniels*, 219 N.C. 763, 14 S.E. 2d 793. G.S. N.C. 20-Art. 2 vests exclusively in the State Department of Motor Vehicles the issuance, suspension and revocation of licenses to operate motor vehicles. *S. v. Warren*, 230 N.C. 299, 52 S.E. 2d 879.

> 'The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense.' *Commonwealth v. Ellett*, 174 Va. 403, 4 S.E. 2d 762.

The Fourteenth Amendment does not limit or preclude the proper exercise of the state's police power so long as the police power is not invoked to protect one class of citizens against another without any compelling need for protection of society in general. *State v. Ballance*, 229 N.C. 764, 51 S.E. 2d 731 (1949). Subject to this limitation, the state may enact such laws for the safe-

ty and protection of its citizens as the circumstances and necessities of a particular class may require without violating any constitutional guaranty. Certain classifications may be necessary to satisfy the public objective, and in this situation perfect uniformity of treatment of all persons is not practicable. In the application of a statute to a particular case, the court's function is to carry out the intent of the legislature, not to nullify it, except where the statute so applied would conflict with the superior voice of the constitution. *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). The legislative intent with respect to the challenged statute is clear and a valid exercise of police power.

Further, petitioner contends that G.S. 20-9(f) violates his right to travel under the Constitution. The right to travel, however, has been construed to be nothing more than an extension of the Equal Protection Clause. *Zobel v. Williams*, 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed. 2d 672 (1982). In support of his argument, petitioner cites *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed. 2d 600 (1969) and *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed. 2d 306 (1974). These cases are inapposite as both deal expressly with durational residency requirements to obtain vital governmental benefits. General Statute 20-9(f) imposes no such durational residency requirement to obtain a North Carolina driver's license. General Statute 20-9(f) requires only that the individual's license not be in a revoked status in another jurisdiction. Again, it is the revocation, not residency, that puts petitioner in a different classification. Each new resident does not have to meet a time limit arbitrarily set by North Carolina; rather, a person with a revoked license has only to meet the requirements to lift the revocation in the state where the license is revoked, whatever they may be, in order to qualify for a North Carolina license. Petitioner's argument based on right to travel is without merit.

Petitioner also contends that the Full Faith and Credit Clause is inapplicable on the grounds that G.S. 20-9(f) is a penal statute. Having determined on other grounds that G.S. 20-9(f) is constitutional, we do not reach the question of the applicability of the Full Faith and Credit Clause. We do note, however, that administration of statutes governing the issuance, revocation, suspension and cancellation of driving privileges is civil, rather

than penal, in nature. In *Harvell v. Scheidt,* 249 N.C. 699, 107 S.E. 2d 549 (1959), our Supreme Court stated:

> It is well to keep in mind that the suspension or revocation of a driver's license is no part of the punishment for the violation or violations of traffic laws. It will be deemed that the court or courts in which the licensee was convicted, meted out the appropriate punishment under the facts and circumstances of each case. The purpose of the suspension or revocation of a driver's license is to protect the public and not to punish the licensee.

Petitioner further contends that the statute is unconstitutional as applied to him. However, petitioner has failed to make any showing that he is being treated differently from any other person with a revoked license who became a resident of North Carolina.

This Court is duty bound to carry out the intent of the legislature. While amendment of the statute might be feasible to grant a hearing in situations such as this where plaintiff has ceased to reside in the state of revocation, such action is for the legislature, not this Court. Finally, we note that the record in this proceeding is void of any indication that petitioner has endeavored to have the revocation lifted in South Carolina.

Having carefully reviewed petitioner's appeal, we find

No error.

Judges WEBB and BECTON concur.