625 So.2d 862 (1993)
Stanley MITCHEL, Appellant,
v.
CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.
No. 93-1065.
District Court of Appeal of Florida, Third District.
September 14, 1993.
Rehearing Denied November 9, 1993.
*863 Buchbinder & Elegant and Harris Buchbinder, Miami, for appellant.
Rodriguez, Horr, Aronson & Blanck and David Horr, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
SCHWARTZ, Chief Judge.
Mitchel was covered by a Cigna liability policy[1] when his boat struck a reef in the John Pennekamp Coral Reef State Park. As a result of the accident, he was charged in the Monroe County Court with a violation of section 258.083, Florida Statutes, (1991).[2] In negotiations with the state, he agreed to plead to the charge and to pay court costs and a fine. In addition, he undertook, pursuant to section 775.089, Florida Statutes (1991),[3] to make restitution in an amount to be determined by the court[4] for the damage to the reef. His claim that Cigna should pay the amount of restitution[5] was denied solely *864 on the ground that the payments fell within the following policy exclusion:[6]
PART B: LIABILITY COVERAGE
* * * * * *
2. EXCLUSIONS: We do not provide Liability Coverage for:
* * * * * *
e. fines or other penalty which any Government unit requires you to pay.
In Mitchel's consequent action for declaratory judgment, the trial court agreed with the carrier's contention. We do not.
It is unnecessary to resort to the familiar rule that insurance policies in general, and exclusions in particular, are interpreted strictly against the carrier. Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla. 1975). This is because by any ordinary, dictionary definition and understanding of the words in question, a requirement to make "restitution to the victim for damage or loss caused ... by the defendant's offense," § 775.089(1)(a), Fla. Stat. (1991), is neither a "fine" nor a "penalty." Simply put, a penalty or fine involves punishment which is not designed to effect compensation for or restoration of the damages caused by a specific act; section 775.089-type "restitution" is. See State v. Williams, 520 So.2d 276 (Fla. 1988). As is stated in Sun Coast Int'l v. Department of Business Regulation, 596 So.2d 1118, 1120-21 (Fla. 1st DCA 1992):
"Restitution" is defined as the "[a]ct of restoring; restoration; restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage or injury; and indemnification." Black's Law Dictionary 1313 (6th ed. 1990). The primary purpose of restitution is to restore the plaintiff to the position in which he or she was before... .
* * * * * *
A penalty, on the other hand, is not designed as a means of restoring an aggrieved person to his or her original position. Rather, "penalty" is variously defined as "a sum of money which the law exacts payment of by way of punishment for doing some act which is prohibited or for not doing some act which is required to be done," or "a statutory liability imposed on wrongdoer in amount which is not limited to damages suffered by party wronged."
Hyman v. State Dep't of Business Regulation, 431 So.2d 603, 605 (Fla. 3d DCA 1983) (remedial provision designed to effect restitution rather than punish and deter wrongdoing not a penalty); see In re Seneca Oil Co., 906 F.2d 1445 (10th Cir.1990); Mason & Dixon Lines, Inc. v. United States, 708 F.2d 1043 (6th Cir.1983); Cassidy v. Montgomery County, 306 Pa.Super. 222, 452 A.2d 524 (1982); see also Country Manors Ass'n v. Master Antenna Sys., Inc., 534 So.2d 1187, 1195 (Fla. 4th DCA 1988). Compare Wellcome v. Home Ins. Co., 849 P.2d 190 (Mont. 1993) (interpreting exclusion to preclude coverage for sanctions imposed for disregarding court orders as penalty for misconduct).
There is no reason, moreover, that the carrier should not be liable merely because the damages are assessed in the course of a criminal proceeding. Nothing in the language of the exclusion itself, which surely could have been drawn to do so, sustains such a result. Furthermore, under section 775.089(5), Florida Statutes (1991),
[a]n order of restitution may be enforced by the state, or a victim[7] named in the order to receive the restitution, in the same manner as a judgment in a civil action.[8]
Cigna's only serious contention here[9] is that the proposed order of restitution is *865 properly viewed as one imposed under sections 253.04 (1), (3), Florida Statutes (1991), which indeed provide for the enforcement and assessment of "civil penalties for damage to coral reefs in state waters." It is sufficient to say that the restitution requirement involved here has nothing to do with any such action or any such assessment.
The judgment below is therefore reversed and the cause remanded with directions to enter a declaratory judgment that the carrier is required to pay the amount of restitution assessed by the County Court.
Reversed.
NOTES
[1] The insuring agreement provided:

PART B: LIABILITY COVERAGE
1. PERILS INSURED AGAINST: We will pay sums which you or a covered person becomes legally obligated to pay as a result of the ownership, operation, or maintenance of your insured property because of:
* * * * * *
e. loss or damage to any property.
[2] John Pennekamp Coral Reef State Park; taking or damaging of coral prohibited.
* * * * * *
(2) It is unlawful for any person, firm, or corporation to destroy, damage, remove, deface, or take away any coral, rock, or other formation or any part thereof, of any portion of the John Pennekamp Coral Reef State Park adjacent to or in the vicinity of the state in which such action is in violation of any law or regulation of the Federal Government.
(3) Violation of any of the provisions of this act shall be a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[3] Restitution
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution.
[4] The state claimed some $34,000.00 in damages.
[5] Mitchel does not claim that the policy covers the costs, fine or attorney's fees involved in the criminal action. See City of Margate v. Great Southwest Fire Ins. Co., 539 So.2d 1181 (Fla. 4th DCA 1989).
[6] The carrier does not deny that the payment falls within the coverage itself. See supra note 1.
[7] It certainly makes no difference that the "victim" is the Florida Department of Natural Resources, which controls the property, that is, the reef, damaged in this case.
[8] It should be emphasized that the restitution order in this case is not to be imposed as a condition of probation. Cf. State v. Alexander, 47 N.C. App. 502, 267 S.E.2d 396 (1980) (holding that insurer's satisfying such a condition is impermissible).
[9] We reject out of hand the appellee's argument and the lower court's alternative holding that, because Mitchel's plea bargain included the agreement to make restitution, the obligation fell within a policy exclusion of coverage for "liability assumed [by an insured] under any contract or agreement." Patently the "liability" arose only from Mitchel's tortious act in running into the reef, rather than for breach of some voluntarily assumed contractual obligation  which is what is excluded from coverage by the provision in question. United States Fidelity & Guar. Co. v. Virginia Eng'g Co., 213 F.2d 109 (4th Cir.1954); Home Ins. Co. v. Southport Terminals, Inc., 240 So.2d 525 (Fla.2d DCA 1970), cert. denied, 245 So.2d 85 (Fla. 1971). Mitchel's plea agreement does not invoke this exclusion any more than an admission of liability in a civil action for damages.