STATE OF NORTH CAROLINA v. DENNIS LEE WINGATE

No. COA01-393

(Filed 16 April 2002)

**Probation and Parole— work release—fines, fees, and costs**

    The trial court in a probation revocation was permitted to recommend that defendant pay costs and attorney fees as a condition if work release was ·granted, was not permitted to recommend a fine as a condition of work release, and was permitted to recommend a community service fee as a condition of work release provided the fee had been incurred by the State and constituted damages instead of additional punishment. The proceeding was remanded for the trial court to determine whether the fee was a cost actually incurred by the State.

On writ of certiorari to review judgment dated 11 October 2000 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 March 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Emery E. Milliken, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

GREENE, Judge.

Dennis Lee Wingate (Defendant), by writ of certiorari, appeals a judgment dated 11 October 2000 revoking his probation and entering an active sentence on his 19 January 2000 guilty plea to perjury.

On 19 January 2000, Defendant pled guilty to perjury and was sentenced to a minimum term of 21 months and a maximum term of 26 months. The trial court suspended Defendant's sentence and placed

---

STATE v. WINGATE

[149 N.C. App. 879 (2002)]

him on supervised probation for 36 months. Pursuant to the trial court's judgment suspending sentence, Defendant was required to: keep scheduled appointments with a probation officer; commit no criminal offense; remain within his county of residence unless granted written permission to leave by his probation officer; complete fifty hours of community service; be in his place of residence between the hours of 6 p.m. and 6 a.m.; not use, possess, or control any illegal drug or controlled substance; and participate in any counseling, treatment, or education program as directed by the probation officer. In addition, the trial court imposed monetary conditions on Defendant's suspended sentence and ordered him to pay a total amount of $2,231.00, including: $231.00 in costs; a $1,500.00 fine due to Cabarrus County; a $100.00 community service fee; and $400.00 in attorney's fees.

On 28 July 2000, Catherine Andre (Andre), Defendant's probation officer, filed a violation report alleging Defendant had: violated the monetary conditions of his probation; failed to keep scheduled appointments; failed to participate in an evaluation, counseling, treatment or education program as directed by Andre; tested positive for cocaine use on four different occasions; violated his curfew on four occasions; left his county of residence without Andre's permission; and been held in a jail in Chesterfield, South Carolina, on 19 July 2000 for driving while license revoked and providing fictitious information.

On 11 October 2000, the trial court held a probation violation hearing and Defendant admitted the violations but argued "drug addiction . . . kept him from meeting his obligations." The trial court found the violations contained in the report had been admitted and were willful. Thereafter, the trial court revoked Defendant's probation and activated his sentence. Both in court and in its written order, the trial court recommended that "as a condition of work release if granted[, Defendant] pay monies owed in [the 19 January 2000] judg[]ment suspending sentence."

---

The dispositive issue is whether the trial court erred in recommending that if work release were granted, Defendant pay monies owed under the judgment suspending sentence.

Initially we note Defendant failed to object to the trial court's recommendation that if work release were granted, Defendant pay the amounts ordered under the 19 January 2000 judgment and therefore

has not preserved the issue for appellate review. N.C.R. App. P. 10(b)(1). Nevertheless, in order to prevent manifest injustice to Defendant, we address Defendant's argument pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. *See* N.C.R. App. P. 2 (Rules of Appellate Procedure may be suspended to "prevent manifest injustice to a party").

When an active sentence is imposed, a trial court is permitted to recommend to the Secretary of the Department of Correction that restitution or reparation be imposed as a condition of attaining work-release privileges. N.C.G.S. § 148-33.2(c) (1999). The Secretary of the Department of Correction is "not required to follow the trial court's recommendation." *State v. Lambert*, 40 N.C. App. 418, 420, 252 S.E.2d 855, 857 (1979). "Even though [the trial court's] recommendations . . . are not binding," the trial court is not permitted to make unsupported recommendations. *State v. Daye*, 78 N.C. App. 753, 757, 338 S.E.2d 557, 560, *aff'd per curiam*, 318 N.C. 502, 349 S.E.2d 576 (1986). Thus, the trial court's recommendation should "be in accordance with the applicable provisions of G.S. 15A-1343(d) and Article 81C of Chapter 15A of the General Statutes." N.C.G.S. § 148-33.2(c). Within statutory limitations, the trial court's recommendation "for restitution or restoration to the aggrieved party as a condition of attaining work-release privileges" should fulfill the purpose of "rehabilitation and not additional penalty or punishment, and the sum ordered or recommended must be reasonably related to the damages incurred." *State v. Killian*, 37 N.C. App. 234, 238, 245 S.E.2d 812, 815 (1978). Our courts have held that a trial court is permitted to recommend as a condition to work release: "restitution to a party injured by criminal activity," *Lambert*, 40 N.C. App. at 420-21, 252 S.E.2d at 857; restitution for attorney's fees, *State v. Alexander*, 47 N.C. App. 502, 502-03, 267 S.E.2d 396, 396 (1980); the imposition of costs, *see id.*; and the costs of the defendant's keep, *see Killian*, 37 N.C. App. at 239, 245 S.E.2d at 816. The trial court, however, is prohibited from recommending the imposition of a fine because "a fine is not 'restitution or reparation' within the meaning of [N.C. Gen. Stat. § 148-33.2(c)]." *Alexander*, 47 N.C. App. at 503, 267 S.E.2d at 396.

In this case, the judgment suspending sentence imposed as monetary conditions: $231.00 in costs; a $1,500.00 fine due to Cabarrus County; a $100.00 community service fee; and $400.00 in attorney's fees. Upon revocation of Defendant's probation and activation of his sentence, the trial court was permitted to recommend Defendant pay, as a condition to work release if granted, the $231.00 in costs and the

BEST v. DEPARTMENT OF HEALTH & HUMAN SERVS.

[149 N.C. App. 882 (2002)]

$400.00 in attorney's fees. Provided the community service fee had been incurred by the State and constituted damages as a result of Defendant's commission of the crime, instead of an additional penalty or punishment, the trial court was permitted to recommend Defendant pay community service fees as a condition to work release.[1] The trial court, however, was not permitted to recommend the imposition of a $1,500.00 fine as a condition to work release. Accordingly, we modify the trial court's judgment by striking that portion recommending the payment of a $1,500.00 fine, *see Alexander*, 47 N.C. App. at 503, 267 S.E.2d at 396, and remand for the trial court to determine if the community service fee was a cost actually incurred by the State.

Modified and remanded.

Judges McGEE and CAMPBELL concur.

---

1. Defendant argues in his brief to this court that the "[c]ommunity [s]ervice fee is a normal operating expense of local or State government and as such cannot be considered 'restitution.' " We disagree. Because the community service expenses for Defendant would not have been incurred absent the commission of a crime by Defendant, it is not a normal operating expense of government. *See Alexander*, 47 N.C. App. at 503, 267 S.E.2d at 396-97 (affirming the recommendation of the imposition of costs as a condition to work release).